## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE MONTORO,<br>                    Plaintiff,<br><br>    vs.<br><br>LAFAYETTE COLLEGE and<br>BARRY STAUFFER,<br>                    Defendants. | Civil Action<br><br>No. 5:09-CV-00351 (TMG)<br><br>Jury Trial Demanded |

### AMENDED COMPLAINT

### I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Katherine Montoro. Katherine Montoro is an employee of Defendant, Lafayette College, Easton, Pennsylvania, who has been harmed by the sex-based harassment, sex-based discrimination, and other improper conduct by the Defendants.

This action is brought under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, 42 U.S.C. § 2000e *et. seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S. § 951 *et. seq.*, and Pennsylvania common law.

### II. JURISDICTION AND VENUE

1. The original jurisdiction and venue of this Court pursuant to 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 1331 and 1391, 2201, 2202, 1343 and Plaintiffs' claims are substantively based on Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000(e) *et. seq*.

2. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367, to consider Plaintiff's claims arising under the Pennsylvania Human Relations Act, 43 Pa.C.S. § 951 *et. seq.*, and under Pennsylvania common law.

3. All conditions precedent to the institution of this suit have been fulfilled. As to the Title VII claims, Plaintiff invoked the procedure set forth in § 706(a) of Title VII by filing her Charge of Discrimination with the United States Equal Employment Opportunity Commission, which was jointly filed with the Pennsylvania Human Relations Commission, against Lafayette College alleging, *inter alia* sexual harassment, gender-based discrimination, and maintenance of a sexually hostile environment. On October 24, 2008, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue to Plaintiff. This action was filed within 90 days of receipt of such Notice.

### III. PARTIES

5. Plaintiff, Katherine Montoro (hereinafter "Montoro"), is an adult female individual and resident of the Commonwealth of Pennsylvania, residing at 304 S. Watson Street, Easton, Pennsylvania.

6. Defendant, Lafayette College (hereinafter "Lafayette"), is a Pennsylvania Non-Profit Corporation authorized to conduct business in the Commonwealth of Pennsylvania, and doing business as Lafayette, with a principal place of business at Lafayette College Campus, Easton, Pennsylvania, which at all times relevant hereto continuously employed fifteen (15) or more employees.

7. Defendant, Barry Stauffer (hereinafter "Stauffer"), is an adult individual and resident of the Commonwealth of Pennsylvania who at all times relevant hereto was employed as a Police Officer/Public Safety Officer for Defendant Lafayette.

8. At all times relevant hereto, Defendant Lafayette has been a "person" or "employer" as defined under Title VII, and is subject to the provisions of said Act.

9. At all times relevant hereto, Defendant Lafayette owned, operated, controlled and managed the school and all facilities located at Lafayette College Campus, Easton, Pennsylvania,

by and through the conduct of its officers, managers, agents, and employees, all acting within the scope of their employment.

10. At all times relevant hereto, Defendant Lafayette owned, operated, controlled and managed the Easton, Pennsylvania campus where Defendant Stauffer was employed.

11. At all times relevant hereto, Defendant Lafayette acted and/or failed to act by and through the conduct of its officers, managers, agents, and employees, all acting within the scope of their employment.

12. At all times relevant hereto, Defendant Lafayette, acting through its supervisors, employees, agents, servants, and representatives knew, or had reason to know of the actions and inactions alleged herein.

## IV. FACTS AND ALLEGATIONS

13. At all times relevant hereto, Plaintiff Montoro has been employed at the campus of Defendant, Lafayette College, beginning in 1993 and continuing through the present day. During the entire course of her employment therein, Plaintiff Montoro has worked within the food services department generally known as Lafayette Dining Services.

14. At all times relevant hereto, Plaintiff Montoro has maintained exemplary work habits and job performance and has at all times fulfilled all of the duties and obligations commensurate with that employment.

15. Upon information and belief, Sodexho Food Services n/k./a Sodexo (hereinafter "Sodexho") entered into an agreement with Defendant Lafayette in or around 2003 to provide integrated food and facilities management services throughout Lafayette's campus. In connection with that agreement, the employees of the food services department known as Lafayette Dining Services, including Plaintiff Montoro, were transferred under Sodexho's payroll.

3

16. Upon information and belief, Defendant Lafayette at all times relevant hereto maintained the right to control the manner and means by which the aforementioned services provided by Sodexho employees, agents, servants, and representatives, including Plaintiff Montoro, were performed. At all times relevant hereto, Defendant Lafayette was involved in the day-to-day supervision, including employee discipline, of Plaintiff Montoro and other Sodexho employees, agents, servants, and/or representatives who provided services on Lafayette's campus. At all times relevant hereto, Defendant Lafayette maintained the authority to hire and fire, promulgate work rules, assignments, and set conditions for Plaintiff Montoro and other Sodexho employees, agents, servants, and/or representatives who provided food services on Lafayette's campus, such that Defendant Lafayette was Plaintiff Montoro's "joint employer" for the purposes of Title VII.

17. From approximately 2002 and continuing through her employment, Plaintiff Montoro was subjected to continuous and pervasive sexual harassment, and sexual discrimination by Defendants Stauffer and Lafayette.

18. From approximately 2002 and continuing through her employment, Plaintiff Montoro was continuously, purposely and intentionally physically threatened, sexually and verbally abused and harassed by Defendant Stauffer, which included, but was not limited to the following:

    a. repeatedly hugging and touching her against her wishes;

    b. repeatedly grabbing her breasts;

    c. attempting to remove and/or look inside her shirt;

    d. forcibly kissing her;

    e. repeatedly making lewd sexual remarks to her;

    f. repeatedly telling her the different sexual acts he wanted to perform on her;

4

    g. repeatedly asking her personal questions about her sex life with her husband;

    h. repeatedly asking her what sexual positions she liked, if she "liked it on top", how often she had sex with her husband and if she liked it; and

    i. repeatedly asking her about the size of her breasts, what cup size bra she wore, and repeatedly telling her what he wanted to do sexually with her breasts.

  19. Defendant Stauffer's harassing conduct most often occurred when he would come into the Farinon Hall Student Restaurant during slow periods and/or "shut-down" times and find Plaintiff Montoro left alone in her work area.

  20. Plaintiff Montoro repeatedly told Defendant Stauffer that his conduct was offensive and unwanted, but Defendant Stauffer continued to harass her.

  21. At or around the same time that Plaintiff Montoro was subjected to these repeated acts of sexual harassment and sexual discrimination, and for a period of time prior thereto, Defendant Lafayette had actual and/or constructive knowledge of Defendant Stauffer's history of sexual harassment and his propensity to engage in said acts such that Defendant Lafayette was aware or should have been aware that Defendant Stauffer posed a known, clear and continuing danger to the students, faculty, and staff at Lafayette, including Plaintiff Montoro.

  22. At or around the same time that Plaintiff Montoro was subjected to these repeated acts of sexual harassment and sexual discrimination, and for a period of time prior thereto, Defendant Lafayette had received reports on several occasions of Defendant Stauffer's widespread, continuing acts of sexual harassment and inappropriate sexual behavior against numerous other female employees and/or students at Lafayette, including but not limited to Carla Ascani, Pamela Pels, Catherine Snyder, Janet Knauss and Shaun Gable.

  23. On September 30, 2008, an action was brought in this Court by the U.S. Equal Employment Opportunity Commission ("EEOC"), against Defendant Lafayette bearing at

5

Docket No. 08-CV-04709, alleging that Lafayette College engaged in unlawful employment practices and repeatedly subjected Carla Ascani, Shaun Gable, Janet Knauss, Pamela Pels, Catherine Snyder and a class of similarly affected female employees to a sexually hostile work environment consisting of intimidating and offensive behavior from a male superior, in violation of Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, 42 U.S.C. § 2000e *et. seq.*

24.     The action filed by the EEOC is based upon Charges of Discrimination filed with the EEOC by Carla Ascani, Shaun Gable, Janet Knauss, Pamela Pels, and Catherine Snyder. Carla Ascani, Shaun Gable, Janet Knauss, Pamela Pels, and Catherine Snyder have intervened in the aforementioned EEOC action and have filed their own respective Complaints within the same docket.

25.     Despite Lafayette's awareness of Stauffer's continuing acts of sexual harassment, Stauffer was never appropriately disciplined and Lafayette failed to take prompt, appropriate remedial action which would be reasonably calculated to redress and correct Stauffer's unlawful conduct.

26.     Despite Lafayette's knowledge of Stauffer's history of sexual harassment, Lafayette, by and through the conduct of its officers, managers, agents and employees, continued to place Plaintiff Montoro in positions where she was exposed to Defendant Stauffer and the sexual harassment continued.

27.     Defendant Lafayette is responsible and liable for the conduct of its employees for subjecting Plaintiff Montoro to a sexually harassing employment and work environment and for failing to protect Plaintiff from Defendant Stauffer's unlawful conduct.

28      At all times relevant hereto, Defendant Lafayette failed to establish, maintain and enforce an effective and well-known policy against sexual harassment that provided a

meaningful complaint and reporting procedure.

29. At all times relevant hereto, Defendants Lafayette and Stauffer, by and through the actions or inactions as detailed herein, created an atmosphere which encouraged and/or permitted sexual harassment and gender-based discrimination to exist.

30. At all times relevant hereto, Defendants, individually and collectively, created and/or permitted an intolerable and hostile work environment which interfered with Plaintiff Montoro's employment.

31. As a direct result of Defendants' conduct, Plaintiff Montoro suffered and continues to suffer severe emotional, psychological and physical distress.

## V.  CAUSES OF ACTION

### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991

**KATHERINE MONTORO,**
*Plaintiff,*
v.
**LAFAYETTE COLLEGE,**
*Defendant*

32. Paragraphs 1 through 31, inclusive, are hereby incorporated by reference as if fully set forth at length herein.

33. Based on the foregoing, Defendant has engaged in unlawful sex-based harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. § 2000e, *et. seq*. The aforesaid sex-based harassment and discriminatory practices for which Defendant Lafayette is liable to Katherine Montoro include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, subjecting Plaintiff to more onerous working conditions, and treating Plaintiff in a disparate manner.

34. As a direct result of the aforesaid unlawful discriminatory employment practices

engaged in by Defendant in violation of Title 42 U.S.C. § 2000e, *et. seq.*, Plaintiff sustained severe emotional, psychological, and physical injury, and loss of self-esteem.

WHEREFORE, Plaintiff requests that this Court enter judgment in their favor and against the Defendant consistent with the Prayer From Relief as set forth herein.

## COUNT II
## NEGLIGENCE UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991

**KATHERINE MONTORO,**
*Plaintiff,*
v.
**LAFAYETTE COLLEGE,**
*Defendant*

35.   Paragraphs 1 through 34, inclusive, are incorporated by reference as if fully set forth at length herein.

36.   Defendant Lafayette negligently violated the provisions of Title VII in the following respects:

   a. Failing to implement an effective, well-known and uniformly enforced policy against sexual harassment;

   b. Failing to properly investigate complaints of sexual harassment;

   c. Failing to take any action reasonably calculated to remedy complaints of sexual harassment;

   d. Failing to impose any discipline upon their employees who had engaged in sexual harassment;

   e. Failing to impose any discipline upon their employees who aided, abetted or otherwise facilitated the unlawful conduct and sexual harassment engaged in;

   f. Failing to take reasonable actions to discover illegal sex-based discrimination, including but not limited to sexual harassment, by their employees; and

   g. Failing to take reasonable actions to prevent illegal sex-based discrimination,

8

including but not limited to sexual harassment, from taking place, as set forth more particularly herein.

37. As a direct, reasonable and foreseeable result of the negligence of the Defendant, Plaintiff suffered physical and mental injuries and damages, and loss of enjoyment of life.

WHEREFORE, Plaintiff requests that this Court enter judgment in their favor and against Defendant consistent with the Prayer From Relief as set forth herein.

### COUNT III
### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 Pa.C.S. § 951 *et. seq.*

**KATHERINE MONTORO,**
*Plaintiff,*
v.
**LAFAYETTE COLLEGE and BARRY STAUFFER,**
*Defendants*

38. Paragraphs 1 through 37, inclusive, are incorporated by reference as if fully set forth at length herein.

39. The unlawful sex-based harassment and discrimination of Defendants acting as aforesaid, constitutes a violation of Title 43 Pa.C.S. § 951 *et. seq.* of the Pennsylvania Human Relations Act. The aforesaid sex-based harassment and discriminatory practices for which Defendants are liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, subjecting Plaintiff to more onerous working conditions, and treating Plaintiff in a disparate manner.

40. As a direct result of the Defendants' willful and unlawful actions in treating Plaintiff in a discriminatory manner solely because of their sex, in violation of Title 43 Pa.C.S. § 951 *et. seq.* of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress and physical and psychological injuries.

41. As a direct and proximate result of the Defendants' actions, Plaintiff has sustained

severe emotional, psychological and physical distress.

WHEREFORE, Plaintiff requests that this Court enter judgment in their favor and against Defendants consistent with the Prayer From Relief as set forth herein.

## COUNT IV
## FALSE IMPRISONMENT

**KATHERINE MONTORO,**
*Plaintiff,*
v.
**BARRY STAUFFER,**
*Defendant*

42. Paragraphs 1 through 41, inclusive, are incorporated by reference as if fully set forth at length herein.

43. By the acts complained of, the conduct of Defendant Stauffer, with the condonation and ratification by Defendant Lafayette, as above-stated, resulted directly and indirectly in the confinement of Plaintiff.

44. At all times, Defendant Stauffer acted with the intent to confine Plaintiff within the boundaries of her office, another office, or other defined space upon Defendant Lafayette's property during working hours in order to physically and sexually harass and/or assault Plaintiff.

45. The acts of Defendant Stauffer as above stated directly and indirectly resulted in the confinement of Plaintiff.

46. At all times relevant hereto, and during the periods of her confinement by Defendant, Plaintiff was aware and conscious of the confinement and was under great emotional distress, fear of sexual assault and other physical assault during the above-stated period of confinement.

47. As a direct and proximate result of the Defendant's actions, Plaintiff has sustained severe emotional, psychological, and physical distress.

WHEREFORE, Plaintiff requests that this Court enter judgment in their favor and against

Defendant consistent with the Prayer From Relief as set forth herein.

## COUNT V
## ASSAULT

**KATHERINE MONTORO,**
*Plaintiff,*
v.
**BARRY STAUFFER,**
*Defendant*

48. Paragraphs 1 through 47, inclusive, are incorporated by reference as if fully set forth at length herein.

49. By the acts complained of, the conduct of Defendant Stauffer proximately caused Plaintiff reasonable apprehension of an imminent battery.

50. Defendant Stauffer had the apparent present opportunity to commit a battery.

51. Defendant Stauffer subjected the Plaintiff to uninvited physical touching as set forth herein.

52. The aforementioned, with the condonation and ratification by Defendant Lafayette, constituted an assault under the law of the Commonwealth of Pennsylvania.

53. As a direct and proximate result of the Defendant's actions, Plaintiff has sustained severe emotional distress, physical and psychological injuries.

WHEREFORE, Plaintiff requests that this Court enter judgment in their favor and against Defendant consistent with the Prayer From Relief as set forth herein.

## COUNT VI
## BATTERY

**KATHERINE MONTORO,**
*Plaintiff,*
v.
**BARRY STAUFFER,**
*Defendant*

54. Paragraphs 1 through 53, inclusive, are incorporated by reference as if fully set

forth at length herein.

55.     The offensive and unwanted touching of Plaintiff by Defendant Stauffer, with the condonation and ratification by Defendant Lafayette, constituted a battery under the law of the Commonwealth of Pennsylvania.

56.     As a direct and proximate result of the Defendant's actions, Plaintiff has sustained severe emotional distress, physical and psychological injuries.

WHEREFORE, Plaintiff requests that this Court enter judgment in their favor and against Defendant consistent with the Prayer From Relief as set forth herein.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**KATHERINE MONTORO,**
*Plaintiff-Intervenors,*
v.
**LAFAYETTE COLLEGE and BARRY STAUFFER,**
*Defendants*

57.     Paragraphs 1 through 56, inclusive, are incorporated by reference as if fully set forth at length herein.

58.     The actions of Defendants, individually and collectively, by engaging in and/or allowing the aforementioned unwelcome sexually offensive behavior and conduct, created a work environment which was hostile and intentionally caused Plaintiff to suffer severe emotional distress.

59.     The actions of Defendants, individually and collectively, as aforesaid were deliberate, reckless, malicious and outrageous and thus constituted an intentional affliction of severe emotional distress.

60.     The above-stated conduct of Defendants, individually and collectively, constitutes extreme and outrageous conduct.

61.     As a direct result of Defendants' intentional, reckless, extreme, and outrageous

conduct, Plaintiff has suffered physical and psychological injuries, severe emotional distress, humiliation, loss of self esteem, and pain and suffering.

WHEREFORE, Plaintiff request that this Court enter judgment in their favor and against Defendants consistent with the Prayer From Relief as set forth herein.

## STATEMENT OF FACTS JUSTIFYING
## THE IMPOSITION OF PUNITIVE DAMAGES

62. Paragraphs 1 through 61, inclusive, are incorporated by reference as if fully set forth at length herein.

63. At all times relevant hereto, Defendant Lafayette knew or should have known of the pattern of conduct in which Defendant Stauffer had engaged.

64. Defendant Lafayette knew or should have known that Defendant Stauffer had committed sexual harassment and assault against numerous female employee and/or students at Lafayette, including Plaintiff.

65. At all times relevant hereto, Defendant Lafayette knew or should have known that the aforesaid pattern of conduct was in violation of the law.

66. Despite such knowledge, Defendant Lafayette failed to adequately investigate, discipline or discharge its agents, servants and representatives who sexually assaulted and harassed Plaintiff and other females at Lafayette or who knew of the illegal conduct and took no action to protect the Plaintiff or eliminate the unlawful conditions which created and subjected Plaintiff to a hostile work environment, sexual harassment, sexual assault and disparate treatment.

67. Defendant Lafayette failed and refused to properly protect and support Plaintiff and in fact subjected or permitted her to be subjected to further sexual harassment, assault and discrimination.

68. At all times relevant hereto, Defendant Lafayette acted willfully, wantonly,

recklessly and with an outrageous disregard and indifference to the rights, safety and well being of the Plaintiff and other female employees similarly situated.

## VI. **PRAYER FOR RELIEF**

69.   Plaintiff repeats the allegations of paragraphs 1 through 68 of this Complaint as if set forth at length herein.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in their favor and against Defendants and request that this Court:

a.   Exercise jurisdiction over their claims;

b.   Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, including, but not limited to, trauma endured in litigating this matter, and punitive damages;

c.   Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

d.   Order Defendants to pay to Plaintiff punitive damages under Title VII and State common law, and compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other nonpecuniary losses as allowable;

e.   Order Defendants to pay to Plaintiff pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law; and

f.   Award such other relief as is deemed just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff hereby demands a trial by jury.

**PFEIFFER, BRUNO, MINOTTI & DeESCH**

BY:    /S/ BLAKE W. RUSH
BLAKE W. RUSH, ESQ., I.D. # 94498
44 North 2nd Street - P.O. Box 468
Easton, PA 18044
(610) 258-4003, FAX: (610) 258-1943
brush@pbmdlaw.com
Attorney for Plaintiff

DATED: May 13, 2009